IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41202
Summary Calendar

_____

RICHARD LEO BOOSH,

                                    Plaintiff-Appellant,

versus

J. ZELLER, ET AL.,

                                    Defendants,

J. ZELLER, B. PEOPLES,

                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-96-CV-643

_____

June 2, 1998
Before KING, HIGGINBOTHAM, DAVIS, Circuit Judges.

PER CURIAM:[*]

Richard Leo Boosh, Texas prisoner #710426, appeals from the

grant of summary judgment for the defendants in his prisoner

civil rights action alleging that prison officials were

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1

deliberately indifferent to his serious medical needs when they denied him access to tennis shoes for which he had a pass from a medical doctor.

We have reviewed the record and the briefs of the parties and find no reversible error. To prevail on a claim of inadequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); see Farmer v. Brennan, 511 U.S. 825, 837 (1994); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994) (applying Farmer to medical claims). "The legal conclusion of 'deliberate indifference[]' . . . must rest on facts clearly evincing 'wanton' actions on the part of the defendants." Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985). "Unsuccessful medical treatment does not give rise to a § 1983 cause of action. Nor does '[m]ere negligence, neglect or medical malpractice.'" Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991) (citations omitted).

In this case, Dr. W. Long swore that Boosh's foot pain was not a critical or dangerous medical condition; that his back pain was not a result of his footwear; and that the tennis-shoe pass of June 4, 1996, was issued out of concern that Boosh have properly fitting footwear. The sick-call requests and clinic notes indicate that Boosh was seen by a physician at least three times and that he received medication and arch supports to treat

2

his foot pain.  In addition, he received properly fitting boots on May 16, 1996.

Boosh does not contest the validity of this evidence, rather, he questions the magistrate judge's interpretation of this evidence.  We are certain that Boosh's foot and back pain did not constitute a serious medical need.  Even if they did constitute such a need, prison officials were not deliberately indifferent since they provided Boosh with medication and arch supports.  Boosh's allegations raise, at most, a disagreement with the treatment he received.

In sum, the evidence on record does not demonstrate any violation of a constitutional right.  Accordingly, we AFFIRM the district court's grant of summary judgment for the defendants.

AFFIRMED.